**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

_____ Division

**CASE NO.**

JOSEPH PETRIE, JAMES TERRY, LARRY PUCCIO, )
MICHAEL POLLIO, FRED SCHLICHTE, CHRIS HOCKENBURY, )
ROBERT SHERMAN, MIKE TALBERT and DANIEL MARJAMA )
as Trustees of )
the PLUMBERS & PIPEFITTERS LOCAL UNION NO. 719 )
HEALTH AND WELFARE FUND, PLUMBERS & PIPEFITTERS )
LOCAL UNION NO. 719 PENSION TRUST FUND and the )
PLUMBERS & PIPEFITTERS LOCAL UNION NO. 719 )
JOINT APPRENTICESHIP AND TRAINING TRUST FUND, )
  )
Plaintiffs, )
  )
  )
vs. )
  )
FLORIDA TROPICAL PLUMBING CORPORATION, )
  )
Defendant. )
_____/

**COMPLAINT FOR DAMAGES AND TO COMPEL AUDIT**

Plaintiffs JOSEPH PETRIE *et al.*, as TRUSTEES OF THE PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 719 HEALTH AND WELFARE FUND, *et al.*, (the "Trustees" or the "Funds") sue Defendant FLORIDA TROPICAL PLUMBING CORPORATION (the "Defendant") as follows:

**I.   NATURE OF ACTION, JURISDICTION, AND VENUE**

1. This is a delinquent contributions collection action, brought by the Trustees on behalf of the Funds, which arises under the laws of the United States that contain their own jurisdictional requirements: Sections 502 and 515 of the Employee Retirement Income

Security Act of 1974 ("ERISA"), 29 U.S.C. §1132 and §1145.

2. Pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), venue is proper in this Court because the Trustees administer the Funds, and Defendant's breach occurred in Broward County, Florida, which is in this judicial district.

## II.   PARTIES

3. The Trustees have been at all times material hereto, trustees and fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

4. The Funds are "employee benefit plans" and "multiemployer plans" as defined by Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §1002(3) and §1002(37).

5. Upon information and belief, Defendant is a Florida corporation, authorized to and doing business under the laws of the State of Florida, and having a business address in this judicial district at: 1441 SW 30th Avenue, #26, Pompano Beach, Florida 33069.

6. Defendant is an "Employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5).

## III.   CAUSE OF ACTION

7. Defendant agreed to be bound and remained bound to a series of collective bargaining agreements as they related to wage rates and contribution obligations to the Funds, by signing a collective bargaining agreement through its conduct of paying contributions to the Funds.

8. A true and correct copy of the most current collective bargaining agreement is attached as Exhibit A.

9. The Agreement contains an "evergreen clause," which provides that its terms shall renew automatically unless Defendant provides written notice to terminate at least sixty (60) days

prior to the expiration date.

10. Defendant provided no such termination notice.

11. Defendant employed persons within the trade and territorial jurisdiction of the collective bargaining agreement and was obligated to pay fringe benefit contributions and other payments to the Funds.

12. Defendant breached said agreement by failing to make full and complete payment of all fringe benefit contributions and other payments that were due to the Funds for payroll periods after January 1, 2015.

13. Pursuant to the Agreement, Defendant is obligated to comply with the Trustees' request for an audit.

14. The Trustees have been required to employ an accountant and the undersigned attorneys to collect the monies that are owed by Defendant, and are obligated to pay the accountants and the attorneys reasonable fees; plus costs.

15. The Trustees have complied with all conditions precedent in bringing this suit.

**WHEREFORE**, the Trustees respectfully request that this Court enter a Judgment against Defendant, providing for:

a. an award of damages for all unpaid fringe benefit contributions and other payments due for payroll periods after January 1, 2015; together with any additional liquidated damages, interest, and reasonable attorneys' fees and costs;

b. an order compelling the Defendant to comply with the Trustees' lawful and rightful demand for an payroll records examination/audit; and

c. Such other relief as is just and proper.

                Respectfully submitted,

                **SUGARMAN & SUSSKIND, P.A.**
                **Attorneys for the Trustees**
                100 Miracle Mile, Suite 300
                Coral Gables, FL  33134
                Tel. (305) 529-2801
                Fax (305) 447-8115

                By   /s/ D. Marcus Braswell, Jr.
                     D. MARCUS BRASWELL, Jr.
                     Florida Bar No. 146160

This 20th day of December, 2017.